IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CR-220-WKW |
| | ) | [WO] |
| LUCIANA MEKELE JACKSON | ) | |

**ORDER**

Before the court is Luciana Mekele Jackson's "motion for movant's time to be ran concurrent under motion 5G1.3." (Doc. # 38.)

For the reasons stated in the Government's response (Doc. # 42), the motion is due to be denied. The proper statutory vehicle for challenging the Bureau of Prison's calculation of sentencing credit is 28 U.S.C. § 2241, and the proper statutory vehicle for challenging the sentencing court's application of U.S.S.G. § 5G1.3(b) is 28 U.S.C. § 2255. Ms. Jackson is advised that, prior to filing a § 2241 motion, she must exhaust her administrative remedies. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("Federal regulations have afforded prisoners administrative review of the computation of their credits, and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies.") (internal citations omitted). Should she choose to do so, Ms. Jackson must file her § 2241 motion in the district in which she is detained. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his

present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

Ms. Jackson is further is advised that, if she files a § 2255 motion, it will be subject to the procedural limitations imposed upon § 2255 motions. Specifically, a § 2255 motion will be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Consequently, it is ORDERED that Ms. Jackson's motion (Doc. # 38) is DENIED.

DONE this 18th day of October, 2019.

                                          /s/ W. Keith Watkins
                               UNITED STATES DISTRICT JUDGE