IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA     )
                                 )
     v.                          )   CASE NO. 2:16-CR-220-WKW
                                 )           [WO]
LUCIANA MEKELE JACKSON     )

## <u>ORDER</u>

Before the court is Defendant Luciana Mekele Jackson's motion for compassionate release (Doc. # 45), in which Ms. Jackson seeks to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes the motion. (Doc. # 52.) Based upon a thorough review of the record and having held an evidentiary hearing, the court finds that the motion is due to be denied.

Ms. Jackson was convicted based on her guilty plea to three counts of wire fraud, in violation of 18 U.S.C. § 1343, and three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). As a result of her convictions, Ms. Jackson was sentenced to 81 months' imprisonment. (Doc. # 37.) Ms. Jackson's projected release date is December 31, 2022. *See* https://www.bop.gov/inmateloc/ (last visited Feb. 9, 2021).

Convicted defendants who are incarcerated may request compassionate release for "extraordinary and compelling reasons." § 3582(c)(1)(A)(i). Where such

reasons exist, "the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors." *United States v. Monaco*, 832 F. App'x 626, 629 (11th Cir. 2020) (citing 18 U.S.C. § 3553(a)). The defendant "bears the burden of establishing that compassionate release is warranted." *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *United States v. Hamilton*, 715 F.3d 328, 341 (11th Cir. 2013)).

As the Government concedes, Ms. Jackson has shown "extraordinary and compelling reasons" that render her eligible for a sentence reduction. Ms. Jackson has extensive, chronic medical conditions, which are well documented in the record. (*See, e.g.*, Docs. # 45-2, 45-3, 52, 71.) While Ms. Jackson is eligible for consideration for compassionate release, the § 3553(a) factors weigh heavily against her early release from prison.

First, Ms. Jackson has not demonstrated that the medical staff at her designated federal correctional institution is unable to provide her adequate medical care for her health conditions. *See* § 3553(a)(2)(D); *see also United States v. Sanchez*, No. 2:17CR337-MHT, 2020 WL 3013515, at *1 (M.D. Ala. June 4, 2020) (denying an inmate's motion for compassionate release in part based on the absence of evidence "that the prison is unable to meet [the inmate's] medical needs" (citing

§ 3553(a)(2)(D))).   Notably, as reported by Ms. Jackson, she recently received surgery for her injured elbow.[1]   (*See* Doc. # 76.)

Second, the nature and circumstances of Ms. Jackson's offenses and her history and characteristics do not favor release.   *See* § 3553(a)(1).   The offenses underlying Ms. Jackson's convictions are serious crimes that financially and emotionally damaged the lives of many individuals.   (*See, e.g.*, Presentence Investigation Report ("PSR") ¶¶ 10, 12, 18); Doc. # 65-1 (explaining that Ms. Jackson's crime has "made my life a living hell" (Victim Impact Statement).)   Ms. Jackson scored a criminal history category of VI; she committed the instant offense while under a criminal justice sentence for forgery and theft; and her convictions in this case were not her first fraud-related convictions.   (*See* PSR (Adult Criminal Convictions).)   As Ms. Jackson will recall, at sentencing, the court observed that her abysmal record, resulting in a criminal history category of VI, is rarely seen in forty-year-old females appearing in this court.   (Doc. # 51, at 8.)

Third, in an Order entered on September 30, 2020, a ruling on Ms. Jackson's motion for compassionate release was deferred for six weeks, and Ms. Jackson was forewarned that further disciplinary infractions during the deferment period would affect the merits of her motion.   (*See* Doc. # 75 (explaining that "an individual's

---

[1] Surgical treatment for this injury was the subject of testimony at the evidentiary hearing held on August 13, 2020.

prison disciplinary history is considered under an analysis of the 18 U.S.C. § 3553(a) factors").)  Thereafter, on October 12, 2020, Ms. Jackson received another (her seventh) disciplinary infraction.  (Doc. # 76-1, at 2.)  Ms. Jackson's post-conviction disciplinary record disfavors early release.

Fourth, Ms. Jackson's release at this time would undercut the gravity of her offenses, would diminish public respect for the law, and would fail to protect the public from additional crimes of Ms. Jackson.  *See* § 3553(a)(2)(A)–(C).  Overall, the balancing of the § 3553(a) factors does not support Ms. Jackson's release.

For the foregoing reasons, it is ORDERED that Ms. Jackson's motion for compassionate release (Doc. # 45) is DENIED.

DONE this 9th day of February, 2021.

                    /s/ W. Keith Watkins
                    UNITED STATES DISTRICT JUDGE