IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CR-220-WKW |
| | ) | [WO] |
| LUCIANA MEKELE JACKSON | ) | |

**ORDER**

Before the court is Defendant Luciana Mekele Jackson's third motion for compassionate release (Doc. # 82), in which Defendant seeks to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government filed a response in opposition to the motion. (Doc. # 86.)

Defendant was convicted based on her guilty plea to three counts of wire fraud, in violation of 18 U.S.C. § 1343, and three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). As a result of her convictions, Defendant was sentenced to 81 months' imprisonment. (Doc. # 37.) Defendant's projected release date is December 31, 2022. *See* https://www.bop.gov/inmateloc/ (last visited Oct. 18, 2021).

Based upon a thorough review of the record and for the reasons set out in the Government's response (Doc. # 86, at 12–15), Defendant has not shown "extraordinary and compelling reasons" warranting her early release from prison. § 3582(c)(1)(A); *see also United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.

2021) (holding that a district court "may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13" and that the Bureau of Prisons, not the court, determines "which reasons outside of those explicitly delineated by the Commission are extraordinary and compelling"), *petition for cert. filed*, No. 20-1732 (U.S. June 15, 2021).

Additionally, the balancing of the § 3553(a) factors, considered in light of Defendant's "current circumstances" and her "circumstances at the time of his original sentencing," does not warrant early release. *United States v. Groover*, 844 F. App'x 185, 188 (11th Cir. 2021). The conduct underlying Defendant's convictions are serious crimes that financially and emotionally damaged the lives of many individuals. (*See, e.g.*, Presentence Investigation Report ("PSR") ¶¶ 10, 12, 18); Doc. # 65-1 (explaining that Defendant's crime has "made my life a living hell" (Victim Impact Statement).) Furthermore, at the time of sentencing, Defendant had amassed convictions that landed her in a criminal history category of VI; she committed the instant offenses while under a criminal justice sentence for forgery and theft; and her convictions in this case were not her first fraud-related convictions. (*See* PSR (Adult Criminal Convictions).) As Defendant will recall, at sentencing, the court observed that her abysmal criminal record is rarely seen in forty-year-old females appearing in this court. (Doc. # 51, at 8.) Furthermore, Defendant's release at the juncture would undercut the gravity of her offenses, diminish public respect

for the law, negate the deterrent value of punishment, and fail to protect the public from additional crimes of Defendant.  *See* § 3553(a)(2).

For the foregoing reasons, it is ORDERED that Defendant's second motion for compassionate release (Doc. # 82) is DENIED.

DONE this 18th day of October, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
